Criminal Complaint

# United States District Court

NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

V.

JASON STEVEN KOKINDA

**CRIMINAL COMPLAINT**

CASE NUMBER: 2:21mj1

FILED
JAN 28 2021
U.S. DISTRICT COURT
ELKINS WV 26241

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __September 29, 2019__ in __Randolph County__, in the __Northern__ District of __West Virginia__ defendant(s) did,

Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B) & (b)(2)

in violation of Title __18__ United States Code, Section(s) __2252A(a)(5)(B) & (b)(2)__.
This complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof.   Yes ☐  No ☒

Signature of Complainant

Lt. Gary Weaver,
Printed name and title

Sworn to before me, and subscribed in my presence

__January 28, 2021__    at __Elkins, WV__
Date                            City and State

__Michael John Aloi, Magistrate Judge__
Judge's Name and Title

Signature of Judge

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Gary Weaver, a lieutenant with the Bridgeport Police Department, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for an arrest warrant under Rules 3, 4, and 4.1 of the Federal Rules of Criminal Procedure for Jason Steven KOKINDA.

2. Your affiant, Gary Weaver, is a certified police officer in the State of West Virginia. I received my certification in October 1998. I am currently employed by the Bridgeport Police Department and have been so since February 1998. I hold the rank of Lieutenant and I am the supervisory Lieutenant of the Bridgeport Police Department Detective Division.

3. I am an affiliate member of the West Virginia Internet Crimes Against Children Unit with the West Virginia State Police and a sworn Federal Task Force Officer with the Federal Bureau of Investigations Crimes Against Children Unit.

4. During my assignments I have received over 400 hours of investigative training in the area crimes against children. Over the past 9 years I have investigated over 200 cases, both state and federal, involving child pornography, child exploitation, child solicitation and other such crimes as they relate to crimes involving child welfare.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that Jason Steven KOKINDA (KOKINDA) violated Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography.

6. On December 17, 2019, KOKINDA was indicted in the Northern District of West Virginia for Failure to Register in violation of Title 18, United States Code, Section 2250(a). See United States v. Kokinda, 2:19-CR-33.

7.     In late September 2019, members of the Elkins, WV Police Department began investigating KOKINDA for various criminal charges including 3rd degree sexual abuse and failing to register as a sexual offender.

8.     During the course of this criminal investigation, it was learned that on September 30, 2019, the Elkins, WV Police Department executed a state search warrant on a vehicle belonging and being operated by KOKINDA.  During the search of this vehicle, Elkins, WV Police Department seized a white in color Samsung cell phone, S/N G357MGSMH.  On October 1, 2019, the Elkins, WV Police Department obtained a state search warrant for the digital data and information accessible with the cell phone.  The Elkins, WV Police Department submitted the cell phone to the West Virginia State Police ICAC Unit for forensics examination.

9.     The Elkins, WV Police Department requested assistance from the West Virginia State Police (WVSP) and the United States Marshals Service (USMS) reference the investigation involving KOKINDA'S failure to register as a sexual offender in the State of West Virginia. The USMS obtained possession of the cell phone from the ICAC Unit as they had been unable to examine the device due to manpower issues.  On April 17, 2020, the USMS obtained a federal search warrant for the examination of the cell phone.  The cell phone was provided to Chief Craig Corkrean of the Granville Police Department for purposes of examination.   Chief Corkrean was able to obtain data from the cell phone and place it on a hard drive.

10.    On or about January 7, 2021, the USMS received the hard drive with the contents of the Samsung cell phone to analyze it for location data and information indicating the travels and time frames of travel of KOKINDA.

11.    On January 15, 2021, DUSM Fred Frederick delivered the Device to Greater Harrison County Drug Task Force (GHCDTF) Cpl. Ryon Anderson.  Cpl. Anderson is an

investigator who has received specialized training in the analysis and interrogation of cellular data.

12. DUSM Frederick requested that Cpl. Anderson examine the data on the Device for tracking information relating to the physical location of the Samsung cell phone.

13. On January 19, 2021, Cpl. Anderson began examining the data on the Device using the Axiom forensic reader that was attached to the data files. The Axiom reader enables the data to be sorted and searched by specific requests such as pictures, SMS and MMS messages, emails, call logs, internet searches, etc.

14. While reviewing the picture files to see if any GPS location data was attached within the picture's metadata, Cpl. Anderson observed several photos that depicted nude females that appeared to be under 18 years of age. Specifically, the photos were of naked girls that appeared to be pre-teen in age. The photos depicted the girl's sexual organs, including genitalia, breasts and some depicted naked girls engaging in sexual activity.

15. Cpl. Anderson stopped his search of the hard drive and the U.S. Attorney's Office was made aware of what he had discovered.

16. I was contacted by the GHCDTF and asked to respond to their office to observe what Cpl. Anderson had discovered and to verify if the data did constitute child pornography.

17. I examined several pictures from the Samsung cell phone, and it is my professional opinion, based on training and experience investigating child exploitation crimes, that the pictures depicting the sexual organs, breasts and sexual activity qualify as child pornography.

18. Based on the above facts a search warrant was then obtained on 1/21/21 from Magistrate Judge Michael John Aloi to examine the data contained on the hard drive for further investigation of possession of child pornography.

19. Upon examination of the hard drive containing the data from the Samsung cell phone, I located several images of child pornography.

20. Samsung does not manufacture cell phones in the United States. The Samsung cell phone was manufactured in South Korea, China, Brazil, Vietnam, India, or Indonesia.

## CONCLUSION

21. Based upon the forgoing facts, I believe there is sufficient probable cause to establish that Jason Steven KOKINDA violated of Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography.

Respectfully submitted,

Lt. Gary Weaver
Bridgeport Police Department

Subscribed and sworn to before me
on January 28, 2021:

Hon. Michael Jon Aloi
UNITED STATES MAGISTRATE JUDGE